FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 03, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMANTHA ANN PROFITT, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>DYLAN ISAAC PATTERSON, doing business as THE WELLNESS EDUCATION CENTER,<br><br>          Defendant. | No. 2:21-cv-00074-MKD<br><br>ORDER DISMISSING CASE WITH PREJUDICE<br><br>**ECF No. 20** |

Before the Court is Plaintiff's motion to voluntarily dismiss this action with prejudice, ECF No. 20.  Plaintiff represents that the parties have reached a settlement agreement in this case.  The Court has reviewed the motion and is fully informed.

**IT IS ORDERED:**

ORDER - 1

1.       Pursuant to Fed. R. Civ. P. 41(a)(2),[1] Plaintiff's Motion to Dismiss (**ECF No. 20**) is **GRANTED**.  This case shall be **DISMISSED with prejudice, and without an award of costs or fees.**

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, provide copies to counsel, and **CLOSE** the file.

DATED February 3, 2022.

<i>s/Mary K. Dimke</i><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff cites Fed. R. Civ. P. 41(a)(1)(B) in support of the motion.  However, that provision governs the effect of voluntary dismissals that do not require a court order.  A voluntary dismissal does not require a court order if the plaintiff files notice of dismissal before the opposing party serves an answer or motion for summary judgment or if a stipulation of dismissal is signed by all parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A).  Neither circumstance applies in this case.  Here, it appears that Plaintiff's Motion for Dismissal is instead governed by Fed. R. Civ. P. 41(a)(2).  That Rule provides that, in circumstances other than those set forth in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  On January 27, 2022, the Court held a hearing in this matter in which the parties jointly represented that a settlement had been reached, that paperwork finalizing the settlement had been completed or was nearly completed, and that a motion to dismiss the case would be filed within 30 days.  The Court finds dismissal with prejudice is proper in this case.

ORDER - 2